UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

------------------------------------X

PETER ANEKWE,

         Petitioner,

-against-

WILLIAM PHILLIPS, Superintendent,

         Respondent.

MEMORANDUM
AND ORDER
05-CV-2183 (ARR)

------------------------------------X

ROSS, United States District Judge:

*Pro se* petitioner Peter Anekwe, incarcerated at Green Haven Correctional Facility, brings this action seeking a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Petitioner is challenging his 1999 conviction in New York Supreme Court, Kings County.[1] Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has reviewed this petition which appears to be time-barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The Court therefore directs petitioner to show cause, within thirty (30) days from the entry of this Order, why the petition should not be dismissed as time-barred.

## Background

On February 2, 1999, petitioner was convicted of robbery in the first degree, criminal possession of a weapon in the second degree and three counts of unlawful imprisonment in the third degree. Petition ("Pet") at 1. He was sentenced to twenty-five years to life imprisonment

---

[1] Petitioner paid the filing fee, but also submitted an application to proceed *in forma pauperis*.

1

on April 29, 1999. Id. On June 24, 2002, the Appellate Division Second Department affirmed his judgment of conviction, People v. Anekwe, 744 N.Y.S.2d 874 (2d Dept. 2002), and the New York State Court of Appeals denied leave to appeal on October 22, 2002. People v. Anekwe, 98 N.Y.2d 766 (2002).

## Discussion

On April 24, 1996, Congress passed the AEDPA which established a one-year statute of limitations for the filing of a petition for a writ of *habeas corpus* by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244 (d)(1). The one-year period runs from the date on which one of the following four events occurs, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D); see Lindh v. Murphy, 521 U.S.320, 327 (1997).

2

Under subsection (A),[2] the petition appears untimely. Petitioner's conviction became final when direct review concluded on January 20, 2003, upon the expiration of the 90 day period for seeking a writ of certiorari. William v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2001). Thus, the instant petition should have been filed within the one year, *i.e.*, on or before January 20, 2004. According to petitioner, he delivered the instant petition to prison authorities for mailing to the district court on April 20, 2005. Pet. at 15. Since the petition was filed more than one year after the limitations period had expired, it is barred by the limitation period set forth in 28 U.S.C. § 2244 (d), unless tolling is applicable.

28 U.S.C. § 2244 (d)(2) provides for the one-year limitation period to be tolled while state post-conviction motions are pending. Petitioner alleges that he filed a petition for a writ of error *coram nobis* on September 30, 2003 which was denied on March 8, 2004. People v. Anekwe, 772 N.Y.S.2d 581 (2d Dept. 2004). The New York State Court of Appeals denied leave to appeal the denial on June 30, 2004. People v. Anekwe, 3 N.Y.3d 636 (2004). Petitioner also filed a motion to vacate the judgment pursuant to § 440.10 of the New York Criminal Procedure Law. Petition at 11-13. Petitioner's motion was denied January 5, 2005, see Decision of the Honorable Abraham G. Gerges, Attachment at 10-35, and petitioner's application for leave to appeal was denied by the Appellate Division, Second Department on April 7, 2005. See Attachment at 36. Petitioner does not provide the date on which he filed the motion to vacate judgment.[3]

---

[2]Petitioner does not allege a basis for the application of 28 U.S.C. § 2244 (a)(1)(B),(C) or (D).

[3]Petitioner states that he filed the motion on "June 26, 2006." Pet. ¶11(b).

3

Petitioner is advised that § 2244(d) applies only if petitioner's post-conviction motion was pending within the one-year limitations period, and excludes from the limitations period only the time the motion remain undecided. Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000) *(per curiam)* cert. denied, 531 U.S. 840 (2000). Since petitioner provides June 26, 2006 as the date on which he filed the motion, which is clearly an error, the Court cannot determine what amount of time was tolled by the filing of this motion. Petitioner also states that he is appealing the denial of his application for leave to appeal. Pet. at ¶ 16(g).[4]

The Court notes that the statute of limitations period may be equitably tolled if petitioner can demonstrate that (i) "extraordinary circumstances prevented him from filing his petition on time," and (ii) he "acted with reasonable diligence throughout the period he seeks to toll." Smith v. McGinnis, 208 F.3d at 17 (citing Johnson v. Nyack Hosp., 86 F.3d 8, 12 (2d Cir. 1996)); see also Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000) (confiscation of legal papers is sufficient to establish potential basis for equitable tolling). Should petitioner have a basis for equitable tolling, he shall present set forth the facts which establish "extraordinary circumstances" and "reasonable diligence" in his affirmation to the Court.

Conclusion

The Court hereby directs petitioner to show cause by written affirmation, within 30 days from the entry of this order, why the petition should not be dismissed as time-barred. Acosta v.

---

[4]Under Geraci v. Senkowski, 211 F.3d 6, 9 (2d Cir.), cert. denied, 531 U.S. 1018 (2000), after denial of leave to appeal by the Appellate Division, no further appellate review is available for § 440 motions. Therefore, any application for such relief would not be "properly filed" for purpose of the AEDPA's statutory tolling provision. See Bennett v. Artuz, 199 F.3d 116,120 (2d. Cir. 1999) (holding that state court petition is "pending" from time first filed until finally disposed of, i.e., time at which no further appellate review is available).

Artuz, 221 F.3d 117, 124 (2d Cir. 2000) (petitioner is entitled to notice and an opportunity to be heard before the Court dismisses a petition as time-barred). Petitioner's affirmation shall include any facts which would support the statutory tolling of the one-year period as outlined in 28 U.S.C. § 2244 (d). Petitioner shall provide the date on which he filed the motion to vacate conviction. Should petitioner ask the Court to equitably toll the limitations period, he shall set forth facts that establish the basis for equitable tolling.

No response to the petition shall be required at this time and all further proceedings shall be stayed for thirty days for petitioner to comply with this Order. If petitioner fails to comply with this Order within the time allowed, the instant petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d). The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

_Signed /_

_____
ALLYNE R. ROSS
United States District Judge

Dated: Brooklyn, New York
May 25, 2005