FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ MAY 31 2007 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X

PETER ANEKWE,

                Petitioner,

   -against-

WILLIAM PHILLIPS, Superintendent, Green Haven Correctional Facility, et al.,

                Respondents.

-------------------------------------------------------------- X

05 CV 2183 (ARR)

NOT FOR
ELECTRONIC OR PRINT
PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

On May 2, 2005, pro se petitioner Peter Anekwe filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed a memorandum of law in support of his petition on August 23, 2005, which he amended—with leave of the court—on January 6, 2006. In his habeas petition, petitioner claims that: (1) his trial counsel was ineffective for failing to preserve his speedy trial rights; (2) the prosecutor presented a false witness before the grand jury and false ballistics evidence before the grand jury and at trial; (3) his trial counsel was ineffective for (a) failing to move to dismiss the indictment on the ground of prosecutorial misconduct and (b) failing to identify and object to errors in the pre-sentencing report; and (4) his appellate counsel was ineffective for (a) failing to raise an ineffective assistance of trial counsel claim and (b) failing to raise a claim of instructional error. For the reasons stated below, the court denies the instant petition for a writ of habeas corpus.[1]

---

[1] After petitioner's habeas application was fully briefed, petitioner renewed his earlier request for appointment of counsel. The court denied petitioner's request without prejudice, stating that the request would be revisited after the court had an opportunity to review the record. Having reviewed the record,

1

## BACKGROUND

On February 2, 1999, following a jury trial in New York State Supreme Court, Kings County, petitioner was convicted of one count of robbery in the first degree, one count of criminal possession of a weapon in the second degree, and three counts of unlawful imprisonment in the first degree. At trial the state presented evidence that petitioner and two of his co-defendants were involved in the robbery of a women's clothing store, during which the store's employees were bound with duct tape and held at gunpoint. The jury viewed a surveillance videotape of the robbery, and four store employees identified petitioner as one of the individuals involved in the robbery. On April 29, 1999, petitioner was sentenced as a mandatory persistent violent felony offender to concurrent terms of twenty-five years to life on the robbery and weapon possession counts and two to four years on each of the unlawful imprisonment counts. Petitioner exhausted in state court the claims presently before this court and timely filed his habeas petition.

## DISCUSSION

### A. AEDPA Standard of Review

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), enacted in 1996, established a deferential standard that federal habeas courts must apply when reviewing state court convictions. 28 U.S.C. § 2254(d). The statute provides, in pertinent part:

---

the court determines that plaintiff's claims in this case raise no issues of substance and, therefore, appointment of counsel would be inappropriate. See Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989).

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The statutory language "clearly established Federal law, as determined by the Supreme Court of the United States" refers to "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." <u>Williams v. Taylor</u>, 529 U.S. 362, 412 (2000). A state court decision is "contrary to" clearly established Supreme Court precedent if "the state court applies a rule that contradicts" Supreme Court precedent or if "the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from that precedent." <u>Id.</u> at 405-06. With respect to the "unreasonable application" clause, "a federal habeas court ... should ask whether the state court's application of clearly established federal law was objectively reasonable." <u>Id.</u> at 409. In determining whether an application was objectively unreasonable, "the most important point is that an unreasonable application of federal law is different from an incorrect application of federal law." <u>Id.</u> at 410. Interpreting <u>Williams</u>, the Second Circuit has added that, although "[s]ome increment of incorrectness beyond error is required[,] . . . the increment need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." <u>Francis S. v. Stone</u>, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks and citations omitted).

This deferential review of state court judgments is available only when the federal claim has been "adjudicated on the merits" by the state court. Aparicio v. Artuz, 269 F.3d 78, 93 (2d Cir. 2001). If there is no such adjudication, the deferential standard does not apply, and "we apply the pre-AEDPA standards, and review de novo the state court disposition of the petitioner's federal constitutional claims." Id. (citing Washington v. Schriver, 255 F.3d 45, 55 (2d Cir. 2001)). For the purposes of AEDPA, a state court "adjudicates" a petitioner's federal constitutional claims "on the merits" whenever "it (1) disposes of the claim 'on the merits,' and (2) reduces its disposition to judgment." Sellan v. Kuhlman, 261 F.3d 303, 312 (2d Cir. 2001). When a state court does so, a federal habeas court must defer in the manner prescribed by AEDPA to the state court's decision on the federal claim, even if the state court does not explicitly refer to either the federal claim or relevant federal case law. Id. To determine whether a state court has disposed of a claim on the merits, the court considers: "(1) what the state courts have done in similar cases; (2) whether the history of the case suggests that the state court was aware of any ground for not adjudicating the case on the merits; and (3) whether the state court's opinion suggests reliance upon procedural grounds rather than a determination on the merits." Id. at 314 (quoting Mercadel v. Cain, 179 F.3d 271, 274 (5th Cir. 1999)). In addition, a "conclusive presumption" that the state court decision "rest[s] on the merits of the federal claim" applies to decisions "fairly appearing to rest primarily on federal law or to be interwoven with federal law, . . . [a]bsent a clear and express statement of reliance on a state procedural bar." Jimenez v. Walker, 458 F.3d 130, 138 (2d Cir. 2006) (holding that presumption of Harris v. Reed, 489 U.S. 255, 262-63 (1989), applies equally to both AEDPA-deference and procedural-bar determinations).

### B. Petitioner's Claims

#### 1. *Ineffective Assistance of Trial Counsel for Failing to Preserve Speedy Trial Rights*

Petitioner contends that he was deprived the effective assistance of trial counsel by counsel's failure to object to continuances on the ground that the discovery provided by the prosecution was incomplete. Petitioner alleges that trial counsel failed in his duty to adequately review the discovery file and, therefore, incorrectly assumed that the prosecution had complied with its discovery obligations. Petitioner charges that trial counsel, operating under this incorrect assumption, consented or failed to object to adjournments of court appearances, resulting in the exclusion of time from the speedy trial clock that should have been charged to the prosecution. According to petitioner, trial counsel's deficient performance in this regard was responsible for the denial of petitioner's motion to dismiss the indictment on speedy trial grounds. Petitioner raised this claim of ineffective assistance of counsel on direct appeal, and it was denied on the merits by the Appellate Division, Second Department. See People v. Anekwe, 744 N.Y.S.2d 874, 875 (N.Y. App. Div. 2d Dep't 2002). The Court of Appeals denied leave to appeal that decision. See People v. Anekwe, 781 N.E.2d 918 (N.Y. 2002). Accordingly, the court may not disturb the state court's determination that counsel was not ineffective unless that decision was contrary to, or an unreasonable application of, federal law.

New York law requires that the state be ready for trial within six months of the commencement of the criminal action in which a defendant is accused of a felony offense. N.Y. Crim. Proc. § 30.30(1). Two elements are required for the prosecution to be considered ready for trial within the meaning of the statute: (1) the prosecution must communicate its readiness on the record; and (2) the statement must indicate present readiness as opposed to an expectation of

future readiness. People v. Kendzia, 476 N.E.2d 287, 289 (N.Y. 1985). Time is excludable for various reasons, including pre-trial motions, continuances granted by the court at a defendant's request or with his consent, and periods during which a defendant lacks counsel through no fault of the court. See N.Y. Crim. Proc. § 30.30(4).

Mr. Anekwe was arraigned on a felony complaint on February 4, 1998, so the prosecution had to be ready for trial by August 4, 1998, or within 181 days. On February 27, 1998, the prosecution announced that it was ready for trial and the state trial court ordered open file discovery. At a status conference held on April 7, 1998, petitioner's first trial counsel, Luis Candal, informed the trial court that he had not received open file discovery, and the trial court ordered that the time from February 27, 1998 to April 7, 1998 be charged to the prosecution. At Mr. Candal's request, the trial court also directed the prosecution to provide a copy of the surveillance videotape to the defendant. On May 1, 1998, the prosecution announced that it had produced open file discovery and was ready for trial. A series of adjournments followed, which were at the request of or with the consent of Mr. Candal or Mr. Anekwe himself. On October 7, 1998, new counsel was appointed at petitioner's request. On December 14, 1998, petitioner filed a motion for dismissal of the indictment pursuant to N.Y. Crim. Proc. § 210.20(g), primarily alleging that the prosecution had failed to turn over all discovery material to the defendant and therefore the prosecution was not in fact ready for trial when it claimed to be. On January 19, 1999, the trial court denied petitioner's motion, concluding that much of the time in question was excludable for motion practice, defense counsel engagements, consent adjournments, and requests of defense counsel and, therefore, the days attributable to the people were below the statutory threshold. This decision was upheld by the Appellate Division on petitioner's direct

appeal. See People v. Anekwe, 744 N.Y.S.2d at 874. As described above, the basis for petitioner's ineffective assistance of counsel claim is the contention that trial counsel inappropriately consented to continuances and was therefore responsible for the denial of his speedy trial motion.

In order to demonstrate ineffective assistance of counsel, the petitioner must satisfy the two pronged test established in Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, petitioner must demonstrate, first, that counsel's performance fell below "an objective standard of reasonableness" under "prevailing professional norms," id. at 688, and second, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 698. A court need not decide both prongs of the Strickland test if a party has made an insufficient showing on one. See id. at 697. When a federal court is reviewing state court decisions denying ineffective assistance of counsel claims on the merits, AEDPA requires a petitioner to show that the state court's decision was contrary to Strickland, see Eve v. Senkowski, 321 F.3d 110, 123 (2d Cir. 2003), or that the state court "'applied Strickland to the facts of his case in an objectively unreasonable manner,'" see id. at 124 (quoting Bell v. Cone, 535 U.S. 685, 698-99 (2002)).

Petitioner has failed to show that any omissions by trial counsel with regard to preserving petitioner's speedy trial rights "were outside the wide range of professionally competent assistance." See Strickland, 466 U.S. at 690. It appears as though the discovery provided by the prosecution was incomplete on May 1, 1998 and that no objection was made to discovery until after new counsel was appointed in October 1998. However, any failure by counsel to fully review the discovery file well in advance of trial is not sufficient to render his performance

7

constitutionally deficient. Further, petitioner has not demonstrated that counsel inappropriately consented to continuances. During the May 1, 1998 court appearance, counsel requested the next status conference to be held in June, stating "[t]here are a couple of things." Although counsel did not make completely clear the basis for this request, it appeared to relate to preparations in advance of trial, a reasonable basis for seeking an adjournment. The adjournments from June 12, 1998 to October 21, 1998 were due to Mr. Anekwe's own attempt to retain a new attorney. After Mr. Anekwe indicated his intent to retain a new attorney, it would be unreasonable to expect his existing counsel to continue actively reviewing the discovery file for the purpose of objecting to adjournments on speedy trial grounds. Once Mr. Anekwe's attempts to retain counsel failed and new counsel was appointed by the court, his new counsel took reasonable steps to remedy the gaps in the discovery materials. She promptly brought the missing items to the attention of the court and the prosecution. On the prosecution's representation that these items had already been turned over to prior counsel, she consented to an adjournment for the purpose of obtaining these items, which was entirely reasonable. She also sought a continuance in order to bring a motion to dismiss on speedy trial grounds, which, again, was completely appropriate. When she learned that the missing items had, in fact, never been produced by the prosecution, petitioner's counsel brought this to the attention of the trial court as further support for the speedy trial motion. Given that each of the continuances requested or consented to by the defendant had a reasonable basis related to petitioner's defense, the court fails to find any deficiency of constitutional proportions with regard to preservation of speedy trial rights.

Moreover, even if counsel had objected to adjournments on the basis that the discovery file was incomplete, petitioner has not established a reasonable probability that the outcome of

the proceeding would have been different. Petitioner claims that such objections would have caused the delays to be chargeable to the prosecution and, therefore, petitioner's § 210.20(g) motion for dismissal of the indictment on speedy trial grounds would have been granted. However, if defendant's counsel had informed the prosecution and the court earlier that discovery was incomplete, the more likely result would have been what actually happened when that concern was eventually raised: the missing materials were produced. In addition, under New York law, dismissal of the indictment is generally considered to be an inappropriate remedy for the prosecution's failure to comply with discovery requests, unless the delay impeded commencement of the trial. See People v. Caussade, 560 N.Y.S.2d 648, 651-52 (N.Y. App. Div. 2d Dep't 1990). Here, it was not the prosecution's delays in producing discovery that prevented commencement of the trial, but rather defense motions and petitioner's attempts to secure new counsel. Because petitioner has failed to show constitutionally deficient performance or resulting prejudice within the meaning of Strickland test, the court finds that the state court's denial of petitioner's ineffective assistance of counsel claim was not objectively unreasonable.

Petitioner argues that the state court's decision was contrary to federal law, relying on Henry v. Poole, 409 F.3d 48 (2d Cir. 2005), for the proposition that the New York standard of ineffective assistance of counsel is contrary to the federal standard set forth in Strickland. In its denial of petitioner's ineffective assistance of counsel claim, the Appellate Division cited to People v. Benevento, 697 N.E.2d 584 (N.Y. 1998), and People v. Baldi, 429 N.E.2d 400 (N.Y. 1981). In Henry, the Second Circuit expressed its concern that the New York standard of ineffective assistance, as articulated by the New York Court of Appeals in Benevento and Baldi, may be contrary to the Strickland test due to a difference in analysis with regard to the prejudice

component. 409 F.3d at 54-55. However, the Henry court emphasized that it was bound by previous Second Circuit decisions holding that the New York standard was not contrary to Strickland. See id. at 55 (citing Lindstadt v. Keane, 239 F.3d 191, 198 (2d Cir. 2001) and Loliscio v. Goord, 263 F.3d 178, 193 (2d Cir. 2001)). Like the Second Circuit panel in Henry, this court is bound by those decisions. Accordingly, the court finds that the Appellate Division's application of the New York ineffective assistance of counsel standard in its denial of petitioner's claim was not contrary to federal law.

### 2. *Prosecutorial Misconduct Claim*

Petitioner claims that his due process rights were violated by prosecutorial misconduct, contending that the prosecutor knowingly presented a false witness before the grand jury and false ballistics evidence before the grand jury and at trial. Petitioner's false witness claim relates to the testimony of Hector Negron, who worked at a janitor in the store that was robbed. At trial, Negron testified that he did not remember testifying before the grand jury. (Trial Tr. at 346, available at Resp't Ex. E.) At the request of petitioner's trial counsel, the prosecutor stipulated that Negron had, in fact, testified before the grand jury. (Id. at 347.) On the basis of this inconsistency, petitioner alleges that the prosecutor knowingly allowed an imposter to testify before the grand jury. In making his false ballistics claim, petitioner points to inconsistencies between ballistics reports and testimony before the grand jury and at trial. Police Officer John Xenakis testified before the grand jury that he forwarded a handgun and ammunition recovered from the petitioner to the ballistics laboratory for testing. (See Resp't Ex. Q.) At trial, Detective Mark Bosoa, who works at the ballistics laboratory, testified that he received the handgun and ammunition sent by Officer Xenakis. (See Trial Tr. at 606-08.) On cross-examination, Detective

Bosoa acknowledged that the laboratory request form only indicated that a gun was submitted for testing and not ammunition. (Id. at 513-14.) Petitioner argues that this inconsistency and other discrepancies between the testimony and the ballistics reports demonstrate that the prosecutor knowingly elicited perjured testimony before the grand jury and at trial. These claims were raised by petitioner in a § 440 motion to vacate judgment brought in Supreme Court of the State of New York, Kings County, which was denied on January 5, 2005. See People v. Anekwe, Ind. No. 1379/98 (Sup. Ct. Kings. Co., Jan. 5, 2005). Leave to appeal was denied by the Appellate Division on April 7, 2005. See People v. Anekwe, Ind. No. 1379/98 (N.Y. App. Div. 2d Dep't, April 7, 2005).

Petitioner's claims relating to the grand jury proceedings are procedurally barred. The state court denied petitioner's motion related to grand jury proceedings under Crim. Proc. § 440.10(3)(a) on the ground that the facts could have been placed on the record with due diligence but petitioner unjustifiably failed to do so.[2] A court considering a habeas petition may not review claims based on federal law if the last state court to consider the claims "clearly and expressly rel[ied] on an independent and adequate state ground," such as a procedural bar. Coleman v. Thompson, 501 U.S. 722, 735 (1991); see also Garcia v. Lewis, 188 F.3d 71, 76 (2d Cir. 1999). A procedural default in the state court will bar federal habeas review unless "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental

---

[2]The § 440 court also reached the merits of petitioner's claim but made clear that it was relying on the procedural bar as the basis for its denial of petitioner's motion. Thus, this claim is procedurally barred on federal habeas review. See Harris v. Reed, 489 U.S. 255, 264 n.10 (1989); Fama v. Comm'r of Corr. Servs., 235 F.3d 804, 811 n.4 (2d Cir. 2000).

11

miscarriage of justice." Coleman, 501 U.S. at 750. Here, petitioner has failed to establish a miscarriage of justice or cause and prejudice sufficient to overcome the procedural default. A procedural default may be excused by ineffective assistance of counsel. See Murray v. Carrier, 477 U.S. 478, 488 (1986). However, as discussed below, petitioner's ineffective assistance of counsel claims are without merit, and therefore, fail to establish cause. Accordingly, the court is barred from reviewing petitioner's prosecutorial misconduct claims relating to the grand jury proceeding. Moreover, even if the court reviewed these claims on the merit, they would fail. Claims of deficiencies in state ground jury proceedings are not cognizable on federal habeas review. See Lopez v. Riley, 865 F.2d 30, 32 (2d Cir. 1989).

Insofar as petitioner is alleging that the prosecutor knowingly allowed its witnesses to commit perjury, this claim lacks merit. A conviction based on perjured testimony is analyzed under the Due Process Clause of the Fourteenth Amendment. Napue v. Illinois, 360 U.S. 264, 269 (1959) (citations omitted). The petitioner has the burden of demonstrating, by a preponderance of evidence, that the witness committed perjury, and, in determining whether perjury occurred, a court must "weigh all the evidence of perjury before it." see Ortega v. Duncan, 333 F.3d 102, 106-07 (2d Cir. 2003). A conviction must be set aside if "the prosecution knew, or should have known, of the perjury," and "there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." United States v. Agurs, 427 U.S. 97, 103 (1976).

Petitioner has failed to establish that either Negron or Detective Bosoa's testimony was perjured or that the ballistics evidence was false. Petitioner has pointed out inconsistencies between trial testimony and other evidence. However, "even a direct conflict in testimony does

not in itself constitute perjury." United States v. Gambino, 59 F.3d 353, 365 (2d Cir.1995); see also United States v. Monteleone, 257 F.3d 210, 219 (2d Cir. 2001) ("A witness commits perjury if he gives false testimony concerning a material matter with the willful intent to provide false testimony, as distinguished from incorrect testimony resulting from confusion, mistake, or faulty memory. Simple inaccuracies or inconsistencies in testimony do not rise to the level of perjury." (internal citations omitted)). Negron's testimony that he did not remember appearing before the grand jury, when the grand jury transcript reflects that he testified, appears more likely to be due to poor recollection than intentionally false testimony. Further, the mere fact that the laboratory record does not reflect that ammunition was sent for testing is insufficient to show that Detective Bosoa's testimony that he received ammunition was false. Rather, the omission of the ammunition from the laboratory records may simply be due to poor record keeping. After considering the evidence submitted by petitioner, the court finds that he has failed to meet his burden of proving that the testimony was perjured. Even if petitioner had shown the testimony to be perjured, there was no reasonable likelihood that the outcome would have affected the jury's verdict. The relevant inconsistencies raised by petitioner were brought out on cross-examination to impeach the witnesses' testimony and thus already formed part of the jury's credibility determination. Consequently, petitioner has failed to show that his conviction was based on perjured testimony, and petitioner's prosecutorial misconduct claim is accordingly dismissed.

### 3. *Ineffective Assistance of Trial Counsel for Failure to Move to Dismiss the Indictment on the Ground of Prosecutorial Misconduct and Failure to Object to Errors in the Pre-Sentencing Report*

#### (a) *Failure to Move for a Mistrial on the Ground of Prosecutorial Misconduct*

Petitioner claims that his trial counsel was ineffective for failing to move for a dismissal of the indictment on the ground of the alleged prosecutorial misconduct in the grand jury proceeding. Specifically, petitioner claims that the prosecutor withheld exculpatory evidence from the grand jury, presented false ballistics evidence, allowed an imposter to testify, and improperly instructed the grand jury to indict on higher charges than those in the felony complaint. Petitioner charges that his trial counsel should have moved to dismiss the indictment on these grounds. Petitioner raised this claim before the Appellate Division on direct appeal, and it was denied on the merits.[3] See People v. Anekwe, 744 N.Y.S.2d 874, 875 (N.Y. App. Div. 2d Dep't 2002). The Court of Appeals denied leave to appeal that decision. See People v. Anekwe, 781 N.E.2d 918 (N.Y. 2002). Accordingly, the state court's denial of petitioner's claim is reviewed under the deferential standard required by AEDPA.

Petitioner has failed to make the necessary showing that the state court's finding that his trial counsel was not ineffective for failing to bring such a motion was an unreasonable application of Strickland. As explained above, the inconsistencies raised by petitioner do not prove that the ballistics evidence was false or that the prosecution called an imposter to testify before the grand jury. Given the evidence presented to the court, petitioner's allegations appear

---

[3]Petitioner also raised this claim in his § 440 motion. The § 440 court ruled that the claim was procedurally barred, because it had previously been decided on the merits. See People v. Anekwe, Ind. No. 1379/98 (Sup. Ct. Kings. Co., Jan. 5, 2005).

14

implausible. Trial counsel's performance may not be deemed deficient for failing to bring a frivolous motion. See United States v. Boothe, 994 F.2d 63, 69 (2d Cir. 1993). Further, trial counsel pursued a sound trial strategy by bringing out on cross-examination the inconsistencies between the grand jury testimony and the testimony at trial to impeach the testimony of Negron and Detective Bosoa. Petitioner complains that trial counsel's request for a stipulation that Negron testified before the grand jury was ultimately not very useful, because, when confronted with prior inconsistent statements, Negron continued to maintain that he did not remember testifying previously. However, "[i]n assessing the attorney's performance, a reviewing court must judge his conduct on the basis of the facts of the particular case, 'viewed as of the time of counsel's conduct, and may not use hindsight to second-guess his strategy choices.'" Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994) ((quoting Strickland, 466 U.S. at 690)).

The additional grounds on which petitioner claims trial counsel should have brought a motion to dismiss the indictment are likewise without merit. Petitioner insists that various aspects of his physical appearance differ from the testimony before the grand jury and argues that the prosecutor was obligated to introduce evidence to that effect before the grand jury. Even if the alleged differences were considered exculpatory, there is no obligation under either New York or federal law for a prosecutor to present exculpatory evidence to the grand jury. See United States v. Williams, 504 U.S. 36, 45-55 (1992) (holding that federal law does not impose an obligation on the prosecution to disclose exculpatory evidence to the grand jury); People v. Lancaster, 511 N.Y.S.2d 559, 562 (N.Y. 1986) ("The People generally enjoy wide discretion in presenting their case to the Grand Jury and are not obligated to search for evidence favorable to the defense or to present all evidence in their possession that is favorable to the accused")

15

(internal citations omitted)). Similarly, while petitioner insists the prosecutor improperly instructed the grand jury to indict on higher charges than those in the felony complaint, this contention has no basis in state law. See People v. King, 234 A.D.2d 319, 319-20 (N.Y. App. Div. 2d Dep't 1996) (affirming conviction when defendant was indicted on more serious charges than charged in the felony complaint); People v. Guzman, 233 A.D.2d 527, 527-28 (N.Y. App. Div. 2d Dep't 1996) (same). Given that a motion to dismiss the indictment on those bases would have very likely been unsuccessful, trial counsel's failure to make such a motion was not objectively unreasonable, nor did petitioner suffer any prejudice therefrom. Certainly, the state court's dismissal of the claim was not objectively unreasonable or contrary to federal law.

### (b) *Failure to Object to Errors in the Pre-Sentencing Report*

The defendant additionally contends that his trial counsel was ineffective for failing to object to errors in the pre-sentencing report. The inaccuracies asserted are the omission of the name of petitioner's college, the failure to mention that he has an associate's degree, and the omission of his employment history. This claim was brought before the § 440 court and denied as procedurally barred and without merit. See People v. Anekwe, Ind. No. 1379/98 (Sup. Ct. Kings. Co., Jan. 5, 2005). Even if the court reaches the merits of this claim, petitioner has failed to establish that the state court's denial was an unreasonable application of the Strickland test. Any deficiency in the pre-sentencing report was relatively minor. The court does not find a failure to object to these inconsistencies to be outside the range of professionally competent assistance. Further, petitioner has not established that he was prejudiced by counsel's performance in this regard. Given petitioner's prior criminal history, the court is not persuaded

that the complained omissions impacted petitioner's sentence. Accordingly, petitioner's ineffective assistance of counsel claim on this basis is dismissed.

### 4. *Ineffective Assistance of Appellate Counsel*

Lastly, petitioner claims that his appellate counsel was ineffective for (a) failing to raise an ineffective assistance of trial counsel claim; and (b) failing to raise a claim of instructional error. These claims were raised by petitioner in a petition for a writ of error coram nobis and denied on the merits by the Appellate Division. See People v. Anekwe, 5 A.D.3d 499, 499-500 (N.Y. App. Div. 2d Dep't 2004). The Court of Appeals denied leave to appeal. See People v. Anekwe, 782 N.Y.S. 2d 407, 407 (N.Y. 2004). Accordingly, the state court's denial of this claim is reviewed under the deferential standard required by AEDPA.

The two-prong Strickland test applies to claims of ineffective assistance of appellate counsel as well as of trial counsel. See Aparicio v. Artuz, 269 F.3d 78, 95 (2d Cir. 2001) (citing Evitts v. Lucey, 469 U.S. 387, 396-97 (1985)). A habeas petitioner may establish constitutionally deficient assistance if he shows that his appellate counsel "omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." Clark v. Stinson, 214 F.3d 315, 322 (2d Cir. 2000). However, "[t]he failure to include a meritless argument does not fall outside the wide range of professionally competent assistance to which [a] [p]etitioner [i]s entitled." Aparicio, 269 F.3d at 99 (internal quotation marks and citations omitted). Finally, even if an attorney's performance were objectively unreasonable and unprofessional, the petitioner must still prove prejudice. That is, the petitioner must show "'a

reasonable probability' that, but for the deficiency, 'the result of the proceeding would have been different.'" Aparicio, 269 F.3d at 95 (quoting Strickland, 466 U.S. at 694).

### (a) *Failing to Raise an Ineffective Assistance of Trial Counsel Claim*

Given that the underlying claim of ineffective assistance of trial counsel lacks merit, as discussed above, petitioner has failed to make the required showing that his counsel was deficient for failing to bring such a claim. Appellate counsel's performance cannot be considered unreasonable for failing to make meritless arguments on appeal. See Aparicio, 269 F.3d at 99. Further, petitioner has failed to show a reasonable probability that the Appellate Division would have been likely to have found in petitioner's favor had the claim been brought. In fact, the Appellate Division rejected the ineffective assistance of trial counsel claim raised by petitioner pro se on direct appeal. The court finds no basis to believe that the Appellate Division would have found the claim to have merit had it been brought by petitioner's attorney instead of petitioner himself.

### (b) *Failing to Raise a Claim of Instructional Error*

Petitioner's claim of ineffective assistance of appellate counsel for failing to raise a claim of instructional error also lacks merit. Petitioner argues that the trial court's jury charge on first-degree and second-degree robbery was erroneous because the trial court failed to instruct the jury on all the elements of these crimes. Trial counsel failed to object to the jury charge on this ground and, accordingly, this claim was unpreserved for appellate review. See N.Y. Crim. Proc. § 470.05(2); People v. Edwards, 292 A.D.2d 393, 393-94 (N.Y. App. Div. 2d Dep't 2002). Further, petitioner does not explain the deficiency he is alleging in the trial court's charge to the jury and the court does not find any. Compare Tr. at 788-93 with N.Y. Penal Law §§ 160.15 &

160.10. As this claim was meritless, appellate counsel was not ineffective for failing to raise it before the Appellate Division. Accordingly, the state court's dismissal of this claim was not an unreasonable application of <u>Strickland</u> and this claim is dismissed.

## CONCLUSION

For the reasons stated above, the petition for a writ of habeas corpus is denied. Because petitioner has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2) (1996), no certificate of appealability will be granted. The Clerk of Court is directed to enter judgment accordingly.

SO ORDERED.

/S/
Allyne R. Ross
United States District Judge

Dated: May 29, 2007
Brooklyn, New York

19

**Service List:**

*Pro Se* **Petitioner:**
Peter Anekwe
99A2717
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582


**Respondents' Attorney:**
Howard Barry Goodman
Kings County District Attorney
350 Jay Street
Brooklyn, NY 11201